IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

CHARLES JAMES SEWELL,          :
                               :
    Plaintiff,                 :
                               :
vs.                            :
                               :   CIVIL ACTION 12-0761-M
CAROLYN W. COLVIN,             :
Commission of Social Security, :
                               :
    Defendant.                 :


MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 8). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 15).  Oral argument was waived in this action (Docs. 13-14).  Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** for further proceedings not inconsistent with the Orders of this Court.

1

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was forty-six years old, had completed a high school special education (Tr. 56), and had previous work experience as a warehouse worker and supervisor (Tr. 74-75). In claiming benefits, Plaintiff alleges disability due to mental retardation, diabetes mellitus, and hypertension (Doc. 8 Fact Sheet).

The Plaintiff filed applications for disability benefits and SSI on November 20, 2009 (Tr. 132-37; *see also* Tr. 20). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although Sewell could not return to his past relevant work, there were specific light and sedentary jobs that he could perform (Tr. 20-28). Plaintiff

requested review of the hearing decision (Tr. 14-15) by the Appeals Council, but it was denied (Tr. 1-5).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Sewell alleges that: (1) The ALJ improperly discounted the opinions of his treating physician; (2) the ALJ improperly rejected the opinions of a consultative examining physician; and (3) the ALJ did not properly consider whether he meets the requirements of Listing 12.05C (Doc. 8). Defendant has responded to—and denies—these claims (Doc. 9).

In his third claim, Plaintiff asserts that the ALJ did not properly consider whether he meets the requirements for Listing 12.05C (Doc. 8, pp. 6-7). The introductory notes to Section 12.05 state that "[m]ental retardation refers to a significantly subaverage general intellectual functioning with deficits in adaptive behavior initially manifested during the development period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.05 (2013). Subsection C requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.05C.

At the evidentiary hearing before the ALJ, Plaintiff's

3

Attorney argued that his client might meet the requirements of Listing 12.05C, but that he would not know until he could obtain Sewell's school records (Tr. 54-55). The Attorney made it known at that time that Plaintiff had completed high school, but had been in special education classes since the fifth grade (Tr. 54). Plaintiff confirmed these facts in his testimony before the ALJ (Tr. 56).

School records revealed that Plaintiff underwent several IQ tests (*see* Tr. 349-73). In an evaluation conducted on March 29, 1976, Sewell took the Wechsler Intelligence Scale for Children-Revised (hereinafter *WISC-R*) and scored a verbal IQ score of 46, a performance IQ score of 61, and a full scale IQ score of 49; these scores would place Plaintiff in the mentally deficient range of intellectual functioning (Tr. 360). On October 2, 1978, Plaintiff again took the WISC-R, scoring a verbal IQ score of 59, a performance IQ score of 69, and a full scale IQ score of 61, placing him in the educable mentally retarded range of intellectual functioning (Tr. 362-63). On August 5, 1982, Sewell took the Wechsler Adult Intelligence Scale-Revised and obtained a verbal IQ of 70, a performance IQ of 70, and a full scale IQ of 69; these scores placed him in the educable mentally retarded range of intellectual functioning (Tr. 351). The tester expressed the opinion that this was a valid assessment of Sewell's abilities (*id.*).

In his decision, the ALJ found that Plaintiff had severe impairments of back pain, diabetes mellitus, and hypertension (Tr. 22). This finding, along with the IQ test scores from Sewell's school days, suggest that Plaintiff meets the requirements of Listing 12.05C.

In the determination, the ALJ found that Plaintiff did not meet any listed impairments (Tr. 23). In making this finding, the ALJ stated that he considered Listings 1.04, 4.00 *et seq.*, and 9.00 *et seq.* (Tr. 23). The ALJ did not, however, mention any psychological or mental impairment anywhere in his determination and failed to acknowledge—much less discuss— Sewell's school records within his determination.

The Government has argued that Plaintiff does not meet the requirements of Listing 12.05C (Doc. 9, pp. 8-10). The Court notes that Defendant may be right in its argument. However, the ALJ made no findings in the matter. Defendant implicitly admits as much in its argument in failing to point to any finding made by the ALJ with regard to this claim. As such, the Court cannot find that the ALJ's decision is supported by substantial evidence. With this finding, the Court finds it unnecessary to address the other claims raised by Plaintiff in this action.

Sewell has raised three different claims in bringing this action. The Court has found merit in Plaintiff's claim that the ALJ did not properly consider whether he meets the requirements

5

of Listing 12.05C.  Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence.  Therefore, it is **ORDERED** that the action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of evidence to determine if Plaintiff is mentally retarded.  Judgment will be entered by separate Order.

    DONE this 31st day of July, 2013.

                                               s/BERT W. MILLING, JR.
                                               UNITED STATES MAGISTRATE JUDGE